**GLOBE INDEMNITY COMPANY**

v.

**HIGHLAND TANK AND MANUFAC-TURING COMPANY**

and

**P. W. Moyer, individually and as the surviving partner of F. M. and P. M. Moyer.**

**Civ. A. No. 68-2610.**

United States District Court, E. D. Pennsylvania.

July 26, 1972.

Joseph J. Murphy, John F. Dougherty, Jr., Philadelphia, Pa., for plaintiff.

Edwin F. McCoy, LaBrum & Doak, Edward B. Broderick, Philadelphia, Pa., for Highland Tank and Manufacturing.

Peter P. Liebert, 3rd, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for P. W. Moyer.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The plaintiff in a previously tried indemnity and/or contribution action seeks to gain a new trial based on many grounds. The Court seeks to direct its consideration on the disqualification of plaintiff's expert witnesses as the only ground which may have any arguable merit in granting a new trial, all other grounds being without merit.

It is well settled law that the trial court must be left to determine the qualifications of an expert witness, See: Wigmore on Evidence, Vol. II § 561. The decision upon the fitness of the individual witness is based upon the circumstances of the expert's experience and the factual setting in which the expert's testimony is necessary. Further, the expert's qualifications must be expressly shown. Wigmore, supra. § 560.

This Court is well aware that the witnesses which the plaintiff attempted to qualify have distinguished themselves in the academic world and has no difficulty in accepting and recognizing their credentials. However, their credentials alone do not qualify them as experts to testify on the factual setting which was in issue—the design of a molasses storage tank.

An analogy involving expert testimony would be as follows: A properly licensed driver with ten years of driving experience being called upon to testify as an expert witness involving the circumstances of a collision in an auto racing mishap. The witness would be knowledgeable in the general rules of driving, i. e. staying to the right of the road, passing on the left, etc., but would not be qualified to testify as an expert on the more specific area of driving in an auto race just because he was a licensed driver, without the showing of other specific qualifications. Therefore, the trial court would be acting within its discretion in disqualifying the witness as an expert on auto racing, and still permitting the witness to testify on the general rules of driving. This Court within its discretion felt that the analogy put forth applied to Mr. Maurer, an electrical engineer, and Mr. Bradley, an industrial hygienist.

Mr. Maurer was generally qualified as an engineer. However, Mr. Maurer was asked to testify on the design criteria necessary to insure the safe use of molasses holding tanks in an industrial setting. Such a question is not within the expertise or experience of every qualified engineer. One needs specific training or experience to be able to comment on this question. Some engineers may have this training or experience. Indeed, in the opinion of this Court, it would not even be necessary to be an engineer in order to make expert statements concerning the criteria to be set up for engineers to follow to insure a safe design in a particular industrial situation. There are people in the world who would qualify to give expert testimony on this question. However, there was no evidence that Mr. Maurer had any experience or expertise regarding the proper formulation of safety criteria to be followed in the design of molasses tanks in this particular industrial setting. The defective safety criteria in the design of the tank was a kingpin in the plaintiff's case, and there are experts in the field of holding tank design with an expertise in safety criteria available. Therefore, Mr. Maurer was not allowed to testify.

The Court also ruled that Mr. Bradley was qualified in the areas of industrial toxicology, environmental health, air pol-

lution, but not safety unless qualified within the areas of his expertise, nor safety design (N.T. 205–209). The above analogy also applies to Mr. Bradley and that was the reason for his disqualification as a safety design expert.

In making these decisions as to the qualifications of the plaintiff's experts, the Court was well aware that an expert witness may not have personally and cannot be expected to have personally experienced the factual situation in question about which he is to testify in order to qualify. The plaintiff does not have to get the best possible expert available on the subject, but should have produced an expert more specifically and expressly qualified in the safety aspects of the design of storage tanks. Neither expert here had any prior experience or observational knowledge to testify as to the proper design of a molasses storage tank under the factual setting presented. Therefore, the disqualification of plaintiff's experts in this area was proper and resulted in plaintiff failing to make out a prima facie case. All other grounds for a new trial are without merit, and plaintiff's Motion for a New Trial is denied.